NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3532
_____

UNITED STATES OF AMERICA

v.

RONDELL HOLLOWAY,
a/k/a Scandal,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cr-00071-003)
District Judge: Hon. Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
January 24, 2022

Before: HARDIMAN, SHWARTZ, and FUENTES, *Circuit Judges*.

(Filed: January 25, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Rondell Holloway, pro se, appeals the District Court's order denying his motion for compassionate release. We will affirm.

I

In 2019, Holloway pleaded guilty to thirteen drug trafficking counts, including one count of conspiracy to distribute crack cocaine in violation of 18 U.S.C. § 846, several counts of possession with intent to distribute crack within 1,000 feet of a playground or public housing in violation of 21 U.S.C. §§ 860(a), 841(a)(1) and (b)(1)(c), and two counts of unlawful use of a communication facility in furtherance of a drug felony in violation of 21 U.S.C. § 843(b). The District Court imposed concurrent sentences of 156 months' imprisonment for the conspiracy and possession with intent to distribute convictions and 48 months' imprisonment for the unlawful use of a communication facility convictions.

In 2020, amidst the COVID-19 pandemic, Holloway asked the Warden of the United States Penitentiary, Canaan, to file a motion for compassionate release on his behalf. Holloway also sought release to home confinement. The Warden denied Holloway's requests. After he exhausted his administrative remedies, Holloway moved the District Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Holloway claimed his underlying conditions (hypertension, obesity, and asthma) increased his risk of complications if he contracts the COVID-19 virus, and therefore, constitute extraordinary and compelling reasons warranting a reduction in his sentence to time served or his release to home confinement. The District Court denied the motion,

and Holloway appealed.

## II[1]

On proper motion, a District Court may reduce a term of imprisonment after considering the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), "if it finds that [] extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The decision to grant compassionate release is discretionary. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). Holloway claims the District Court abused its discretion because his "circumstances are indeed extraordinary and compelling" and "the § 3553 factors do indeed weigh in favor of [his] release." Holloway Br. at 4.

In denying the motion, the District Court first determined Holloway had not shown his medical conditions were extraordinary and compelling reasons to reduce his sentence. It observed: he is relatively young; his health conditions of mild obesity, hypertension, and asthma are well-managed by the BOP; and USP Canaan follows screening and prevention measures, resulting in few positive COVID-19 cases at the time. Holloway points to nothing in the record to undermine the District Court's well-reasoned opinion.

The District Court considered the same § 3553(a) sentencing factors it had evaluated just 16 months prior when it first sentenced Holloway and concluded they weighed strongly against his release. The Court stated: Holloway's criminal conduct

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

involved acts of violence; he played a leadership role in a violent and wide-spread drug trafficking conspiracy; his violence continued while in custody; he had served "slightly over 10%" of his lengthy sentence; and granting him release after having only serving a small percentage of his sentence "would not meet the need to reflect the seriousness of [Holloway's offenses], to promote respect for the law, and to provide just punishment and adequate deterrence." Dist. Ct. Dkt. ECF No. 800 at 5 (internal quotations and alterations omitted). Although the District Court commended Holloway for taking advantage of educational opportunities in prison, it emphasized Holloway remained a danger to the community. We perceive no abuse of its discretion in denying Holloway's compassionate release motion based on these considerations.

As to Holloway's request to be placed in home confinement, the District Court aptly observed the place of imprisonment is committed to the BOP's unreviewable discretion under 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

\*     \*     \*

For the reasons stated, we will affirm the District Court's order denying Holloway's motion for compassionate release.

4